IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>     Defendant. | 4:14CR3136<br><br>MEMORANDUM AND ORDER |

  The government has moved for a "Hearing to Determine Defense Counsel's Possible Conflict of Interest." (Filing No. 32). The defendant does not oppose scheduling this proposed hearing. (Filing No. 41). The defendant moves for a Bill of Particulars, (Filing No. 34), and to extend the deadline for filing pretrial motions. (Filing No. 37). The government opposes the defendant's motions.

  For the reasons described below, the motion for a hearing will be granted, and the motions to order a bill of particulars and to file additional pretrial motions will be denied.

ANALYSIS

  Defendant Gilbert G. Lundstrom faces a 23-page, 15-count indictment alleging that in his capacity as an officer of TierOne Bank, he conspired to commit wire and mail fraud affecting a financial institution and securities fraud (Count 1), conspired to falsify bank entries (Count 2), devised and executed a mail fraud scheme (Counts 3 & 4), devised and executed a wire fraud scheme (Counts 5 through 9), devised and executed a securities fraud scheme (Count 10), and falsified bank entries (Counts 11 through 15). (Filing No. 1). As acknowledged in Defendant's brief, for each of the 15 counts, the indictment alleges the elements of crime charged.

The defendant moves for a bill of particulars, arguing the indictment against Lundstrom is insufficient because it "fails to provide sufficient detail regarding the purported false statements that are essential to any charge of fraud," the indictment fails to identify all alleged co-conspirators or persons who made allegedly false statements or were involved in the alleged fraudulent conduct, and government's discovery has not corrected these deficiencies. (Filing No. 34, at CM/ECF p. 1). Defendant states "a bill of particulars is necessary in this unusually complex fraud case so that defendant can adequately investigate the charges, prepare a defense and avoid or minimize the danger of unfair surprise." (Filing No. 34, at CM/ECF p. 2). Specifically:

| | |
|---|---|
| Paragraph 32 alleges LUNDSTROM received analysis in February, April, and May 2009 which showed that TierOne needed to increase its reserves and Loan Loss Allowance by at least $30 million to cover additional losses in TierOne's loan portfolio, but he and his co-conspirators did not report that information to TierOne's shareholders, regulators, external auditors, or the investing public, and as a result TierOne made statements and issued reports to the SEC, the OTS and the investing public about TierOne's loan portfolio that were materially false. | The defendant demands that the government identify the allegedly false statements and reports made to the SEC, the OTS and the investing public, including the dates of the statements. |

| | |
|---|---|
| Paragraph 34 alleges that Defendant and his co-conspirators directed, and caused others to direct, TierOne employees to not order new appraisals even when existing appraisals no longer reflected the true value of TierOne's loan collateral and real estate; and when appraisals received reflected a lower value for loan collateral or real estate in TierOne's portfolio than TierOne had recorded, Defendant and his co-conspirators rejected the appraisal to avoid having to recognize the loss. | The defendant demands that the government identify the cases in which Defendant and coconspirators allegedly directed others not to order new appraisals, including the identity of the alleged co-conspirators who provided this direction and to whom; and the cases where appraisals were allegedly rejected, including the identity of the alleged co-conspirators who did so. |
| Paragraph 35 alleges Defendant and his co-conspirators restructured loan terms to disguise a borrower's inability to make timely interest and principal payments; in "some cases," they caused TierOne to advance additional funds to delinquent borrowers so that they could use the additional funds to make interest payments back to TierOne and, in some cases, they understated the risk ratings of certain loans, when an increase in the risk rating of the loan would require that TierOne to record an additional loss. | The defendant demands that the government identify the "some cases" in which defendant and coconspirators caused TierOne to advance additional funds to delinquent buyers, including the identity of the alleged co-conspirators and the delinquent buyers; and identify the "certain loans" for which defendant and coconspirators understated the risk rating, including the identity of the alleged co-conspirators who were involved in such action. |
| Paragraph 36 alleges Defendant and his co-conspirators concealed losses in TierOne's loan and real estate portfolio, and knowing that TierOne's core capital ratio had still fallen below the 8.5% minimum threshold mandated by the OTS, they caused TierOne to issue financial statements that were manipulated to falsely show that TierOne had met or exceeded the 8.5% core capital ratio. | The defendant demands that the government identify the particular financial statements that "were manipulated," the co-conspirators who were involved in such action, and the manner in which the statements were allegedly manipulated. |
| Paragraph 37 alleges Defendant and his co-conspirators made materially false, misleading, and fraudulent statements, and caused others to | The defendant demands that the government identify the particular 10-Q's that allegedly contained false and |

3

| | |
|---|---|
| do so, in TierOne's Forms 10-Q filed with the SEC, TierOne's Thrift Financial Reports filed with the OTS, and other information submitted to the OTS about: (a) the value of TierOne's loan and real estate portfolios; (b) the amount of TierOne's reserves and Loan Loss Allowance; (c) whether TierOne had met or exceeded the 8.5% minimum Core Capital Ratio mandated by the OTS; and (d) TierOne's practices with respect to ordering appraisals and calculating the Loan Loss Allowance. | misleading statements, and the portions thereof that allegedly are false and/or misleading; and identify the particular reports and financial information submitted to OTS that allegedly contained false and misleading statements, and the portions thereof that allegedly are false and/or misleading. |
| Paragraph 37 alleges Defendant and his coconspirators made false and misleading statements to the OTS, and caused others to do so, when responding to OTS inquiries in writing and during face-to-face meetings with OTS examiners. | The defendant demands that the government identify the allegedly false and/or misleading statements made in written and oral responses provided to OTS, including the dates of such statements, who made the statements, and to whom they were made. |
| Paragraph 57 alleges that in July 2009, Defendant and his co-conspirators caused TierOne's financial statements to be manipulated to make it appear that TierOne had met or exceeded the 8.5% minimum core capital ratio mandated by the OTS. | The defendant demands that the government identify the particular line items, columns, or portions of the financial statements produced in discovery that "were manipulated," and the identity the coconspirators who were involved in such action. |
| Paragraph 58 alleges that on July 30, 2009, Defendant and his co-conspirators caused TierOne to file a Thrift Financial Report with the OTS that misrepresented TierOne's financial condition and performance. | The defendant demands that the government identify the particular line items, columns, or portions of the financial statements produced in discovery that "misrepresented TierOne's financial condition and performance," and the identity of the co-conspirators who were involved in such action. |
| | The defendant demands that the |

4

| | |
|---|---|
| Paragraph 59 alleges that on August 28, 2009, Defendant and his co-conspirators caused TierOne to file a report with the OTS that misrepresented TierOne's Loan Loss Allowance. | government identify the particular portions of the reports and other documents produced in discovery that "misrepresented TierOne's Loan Loss Allowance," and the identity of the co-conspirators who were involved in such action. |
| Paragraph 59 alleges that on August 28, 2009, Defendant and his co-conspirators caused TierOne to file a report that misrepresented TierOne's capital ratios and its compliance with TierOne's supervisory agreement with the OTS. | The defendant demands that the government identify the particular portions of the reports and other documents produced in discovery that "misrepresented TierOne's capital ratios and its compliance with TierOne's supervisory agreement with the OTS," and the identity of the coconspirators who were involved in such action (paragraph 60). |
| Paragraph 62 alleges that on December 18, 2009, Defendant and his co-conspirators caused TierOne to file a response to the OTS that misrepresented TierOne's lending and management practices. | The defendant demands that the government identify the particular portions of the response to OTS produced in discovery that "misrepresented TierOne's lending and management practices," and the identity of the co-conspirators who were involved in such action. |
| Paragraph 67 alleges that for the purpose of defrauding others, Defendant mailed a Corporate Governance Report from TierOne to the OTS on April 29, 2009, (Count 3), and Board of Directors minutes from TierOne to the OTS on June 26, 2009 (Count 4), knowingly these documents contained false statements. | The defendant demands that the government identify any allegedly false statements contained in the mailings described as the basis for Count 3 and 4, and the identity of the co-conspirators who were involved in such action. |
| Paragraph 72 alleges that for the purpose of defrauding others, Defendant knowingly transmit and cause to be transmitted by means of | The defendant demands that the government identify any allegedly false statements contained in the wires |

5

| | |
|---|---|
| wire communications the documents described by date and description of the Wire Communication in Counts 5 through 9 of the indictment. | described as the basis for Counts 5 through 9, and the identity of the co-conspirators who were involved in such action. |
| Paragraph 74 alleges that in a SEC Form 10-Q for Second Quarter 2009 dated August 10, 2009, Defendant made false and misleading representations about TierOne's financial condition to TierOne investors and the public to defraud people in connection with TierOne securities, and to obtain money and property in connection with the purchase and sale of TierOne securities. | The defendant demands that the government identify any allegedly false statements contained in the 10-Q described as the basis for Count Ten, and the identity of the co-conspirators who were involved in such action. |
| Paragraph 76 alleges that in the 5 documents identified by date and description in counts 11 through 15 of the indictment, Defendant knowingly and willfully made false entries in TierOne's books, reports, or statements with the intent to deceive the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of TierOne. | The defendant demands that the government identify the portion, or portions, of the documents described as the basis of Counts Eleven through Fifteen, that contain allegedly false information, and the identity of the co-conspirators who were involved in such action. |

The defendant acknowledges receiving massive discovery from the government, but states he cannot tell which statements are alleged to have been the basis of the alleged schemes: "The general descriptions provided in the indictment can apply to multiple documents, and the defendant is without sufficient information to identify the particular document, or portion thereof, that is allegedly false." (Filing No. 35, at CM/ECF p. 5).

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009). A bill of particulars may be required when the indictment on its face contains vague or conclusory allegations such that the defendant lacks notice of the crimes of which he is charged. But it is "not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Livingstone, 576 F.3d at 883.

Although the defendant claims the government's discovery fails to provide sufficient notice of the charges, the government has provided its discovery in an electronic, text-searchable database, which included an index of the materials contained on the database organized by Bates prefix; a 200-page index of the hard copy materials collected by the FDIC from TierOne; an index of documents marked by the SEC as exhibits showing the location of the exhibits on the database; deposition transcripts of former TierOne employees and outside accountants taken during SEC enforcement proceedings involving allegations of the same or similar conduct; a separate subset of "hot documents" consisting of approximately 400 documents which, as the government has explained to Defendant, constitute many of the most relevant documents in the case; and it has identified the key documents that correspond to each of the counts in the indictment. (Filing No. 39, at CM/ECF pp. 1, 5).

Defendant is not entitled to further information, and his motion for bill of particulars will be denied. Livingstone, 2009 WL 2502014, 1 (denying the defendant's motion for bill of particulars where "the government explained its theory of the case, noted that it had already provided [defendant] with considerable discovery, including the names of its witnesses, and stated that it would disclose more information about the witnesses before trial.").

The defendant has moved to extend the pretrial motion deadline, stating that based on the sheer volume of documents at issue, he needs more time to determine if pretrial motions should be filed. (Filing No. 37). Defendant further claims a continuance is required because

7

he expects to receive the reports of the government's witness interviews on August 14, 2015, and the information within those reports may be critical for filing pretrial motions.

The pretrial motion has been extended, at the defendant's request, four times. It was originally set for April 14, 2015, (Filing No. 21); extended to April 20, 2015, (Filing No. 24); extended to May 4, 2015, (Filing No. 27); extended to May 25, 2015 (Filing No. 29); and finally extended to June 15, 2015 (Filing No. 29). Fully two months after the original deadline, and five months after the government served its Rule 16 discovery, the defendant requests another extension. Defendant's motion does not cite any specific information or anticipated disclosure warranting another extension. Under the circumstances presented, Defendant's motion to further extend the pretrial motion deadline will be denied.

Accordingly,

IT IS ORDERED:

1) The government's motion for a "Hearing to Determine Defense Counsel's Possible Conflict of Interest," (Filing No. 32), is granted, and

    a) A hearing on the government's motion to determine defense counsel's conflict of interest will be held at 9:00 a.m. on July 30, 2015 before the undersigned magistrate judge in Courtroom 2, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.

    b) The defendant, defense counsel, and counsel for the government shall attend.

    c) Pursuant to NECrimR 12.5, copies of all exhibits expected to be offered into evidence during the hearing, except those to be used for impeachment only, shall be delivered to the chambers of the undersigned at least twenty-four (24) hours before the hearing and, at the outset of the hearing, to the extent reasonably possible, the parties shall provide the undersigned and the courtroom deputy with a written list of all witnesses the parties expect to call.

2) The defendant's motion for a Bill of Particulars, (Filing No. 34), is denied.

3) The defendant's motion to extend the deadline for filing pretrial motions, (Filing No. 37), is denied.

July 13, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.