IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>                    Defendant. | 4:14-CR-3136<br><br>ORDER |

    This matter is before the Court on the government's motion to file exhibits under seal (filing 80). That motion will be denied without prejudice. It is not clear from the government's motion whether the government seeks leave to seal documents to be *filed* with the Court (*i.e.,* provided on paper or electronically to the Clerk of the Court to be docketed), or to seal documents presented as evidence at trial. But different procedures apply to each.

    If a document is to be filed on the Court's docket, it may, pursuant to this Court's local rules, be filed either as "restricted" or "sealed." A sealed document is available only to court users and the filing party; it is not available to the opposing party or the public. *See*, NEGenR 1.3(a)(1)(B)(i); NECrimR 12.5(b) and (c). A restricted document, on the other hand, is available to court users and parties of record. *See*, NEGenR 1.3(a)(1)(B)(ii); NECrimR 49.1.1(c)(3). The government's motion refers to documents containing personal identifying information that should be redacted or restricted pursuant to Fed. R. Crim. P. 49.1(a) and (d) and NECrimR 49.1.1(a) and (b). If it is necessary to file such documents without redaction, the parties should file document under provisional restriction, along with a motion for leave to restrict, as set forth in NECrimR 49.1.1(c)(1).

    If the documents are, on the other hand, to be offered into evidence in open court, and contain confidential information that should not be made part of the public record, then the parties should take that matter up with the Court when the exhibits are offered into evidence. The Court may then direct the courtroom deputy to note that the exhibit should be sealed, and store it securely at the conclusion of the proceedings.

    But at this point, the Court finds that the government's motion is premature. Therefore, the Court denies the government's motion (filing 80), without prejudice to following the procedures set forth above for ensuring the

confidentiality of personal identifying information when the documents containing such information are presented to the Court.

IT IS SO ORDERED.

Dated this 6th day of October, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge