IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>                    Defendant. | 4:14-CR-3136<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the United States' motion to preclude testimony of the defendant's proposed expert (filing 75). The United States argues that the defendant's expert's testimony should be precluded for three reasons. First, it argues the defendant's notice of intent to call an expert witness "fails to identify or explain the methodology or the bases of the expert's proffered testimony." Filing 75 at 1. Second, it argues "the subject matter of the proffered testimony is not a proper subject for expert testimony." Filing 75 at 1. Third, it argues that the proposed testimony would be irrelevant. Filing 75 at 1. The United States moves in the alternative for an order compelling the defendant to provide additional disclosures to satisfy Fed. R. Crim. P. 16(b)(1)(C). Filing 75 at 1.

    First, the United States argues that the defendant's notice of intent to call an expert witness was insufficient under Rule 16. Rule 16 mandates that the defendant's expert witness summary "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The Court finds that the defendant's disclosure of the bases and reasons for the proffered testimony provides the United States with sufficient information to prepare for trial.

    Next, the United States contends that the testimony would not be a proper subject of expert testimony. The defendant anticipates his expert will testify about the "reliability of external appraisals of real estate asset collateral." Filing 75-1 at 2. The United States argues that such testimony is impermissible because it violates Fed. R. Evid. 704's prohibition on testimony "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." However, Rule 704 prohibits only direct testimony concerning a criminal defendant's state of mind. It does not prohibit testimony about predicate facts from which a jury can make inferences about the

defendant's state of mind. *See United States v. Parish*, 606 F.3d 480, 491 (8th Cir. 2010).

The United States also argues that the testimony would be irrelevant. At this point in the proceedings, the Court is unable to determine what is and is not relevant to Lundstrom's defense. The relevance of the proffered testimony depends on the United States' presentation of its case. The United States may raise the issue again at the appropriate time during trial.

IT IS ORDERED:

1. The United States' motion (filing 75) is denied.

Dated this 7th day of October, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge