IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>                    Defendant. | 4:14-CR-3136<br><br>ORDER |

      This case is before the Court on two separate matters: (1) the United States' Unopposed Motion to Continue Trial (filing 107), and (2) the Defendant's Motion in Limine to Allow Defendant's Use of Transcripts from Unavailable Witnesses (filing 87). The Court will grant the government's motion to continue and direct the defendant to provide evidence in support of his motion in limine.

      The government's motion to continue (filing 107) is unopposed. The Court has held several telephonic conferences with the parties, beginning on the eve of trial, when the government advised the defendant and the Court that one of the government's key witnesses had seriously injured himself in a household accident, and that the witness would require surgery and would be unavailable to testify for some time. The government now represents, based on the most recent medical information, that the witness will be available to testify next Thursday.

      The Court finds that the temporary unavailability of a key government witness constitutes good cause for a brief continuance of trial. Accordingly, the government's motion to continue (filing 107) will be granted. The Court specifically finds that an essential witness is unavailable, that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial, that the case continues to be unusual and complex due to the nature of the prosecution, and that the failure to grant a continuance under these circumstances would make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(3), (7)(A), (7)(B)(i), and (7)(B)(ii).

      A hearing on the defendant's motions in limine, and any other pretrial matters, will be set for 1:15 p.m. on Tuesday, October 20, 2015. Trial will commence with jury selection at 9:00 a.m. on Wednesday, October 21.

The Court intends to take up the defendant's motions in limine, and dispose of those motions, at the hearing set for that purpose on October 20. But the Court requires more information regarding one of the motions—specifically, the Defendant's Motion in Limine to Allow Defendant's Use of Transcripts from Unavailable Witnesses (filing 87).

The defendant asks the Court to allow the presentation of testimony taken by the SEC from Gale Furnas and Eugene Witkowicz, pursuant to (among other rules) Fed. R. Evid. 804(b)(1). That rule provides a hearsay exception for testimony given by an unavailable witness at a trial, hearing, or lawful deposition if it is "offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." *Id.*

Assuming, without deciding, that the SEC and Department of Justice are the same party for these purposes, the Court will be required to determine whether the SEC had the same motive and opportunity to develop the testimony as the U.S. Attorney would now. The Court will not attempt to exhaustively describe all the considerations that might affect that determination. But it may, for instance, be relevant to consider whether the SEC, at the time the testimony was taken, had the same goals as the U.S. Attorney does in prosecuting the present case; that is, what relief the SEC was seeking at the time, what evidence it needed to obtain that relief, or the statutory basis for its investigation. *See United States v. Kennard,* 472 F.3d 851, 855-56 (11th Cir. 2006); *see also*, *United States v. Whitman,* 555 F. App'x 98, 103 (2d Cir. 2014); *SEC v. Jasper,* 678 F.3d 1116, 1127-29 (9th Cir. 2012); *United States v. Sklena,* 692 F.3d 725, 731-33 (7th Cir. 2012); *United States v. Martoma,* No. 12-cr-973, 2014 WL 5361977, at *4 (S.D.N.Y. Jan. 8, 2014). In particular, it may be relevant whether the SEC's motive in taking the testimony was purely investigative, as opposed to adversarial. *See*, *Whitman,* 555 F. App'x at 103; *Sklena,* 692 F.3d at 732; *Martoma,* 2014 WL 5361977, at *4. It may also be relevant if the examinations, or any other evidence, indicate the extent to which the SEC was cooperating at that time with other agencies, including the Justice Department. *See Sklena,* 692 F.3d at 732; *compare Martoma,* 2014 WL 5361977, at *4. And both the SEC's motive and opportunity to examine the witnesses may be affected by how much of the evidence now in the government's possession was known to the SEC at the time of the testimony. *See Martoma,* 2014 WL 5361977, at *4.

To make such determinations, the Court must, at a minimum, review the transcripts of the SEC testimony, in order to assess the substance and tenor of the questioning. And the Court is willing to consider any other evidence that may bear on the SEC's motive and opportunity to examine the witnesses. The Court will direct the defendant to provide the Court, on or before October 16, 2015, with copies of the SEC testimony, and any other

evidence the defendant believes to support the admissibility of the testimony. The government may also, on or before October 16, provide the Court with any other evidence the government believes to be relevant to that decision.

IT IS ORDERED:

1. The United States' Unopposed Motion to Continue Trial (filing 107) is granted.

2. The above-captioned criminal case is set for a jury trial before the undersigned judge in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE 68508, commencing at 9:00 a.m. on October 21, 2015, or as soon thereafter as the case may be called, for a duration of 15 trial days.

3. A pretrial hearing will be held at 1:15 p.m. on October 20, 2015, before the undersigned judge in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE 68508, on the defendant's motions in limine and other pretrial matters. The defendant, defense counsel, and counsel for the government shall be present.

4. On or before October 16, 2015, the defendant shall provide the Court with copies of the SEC testimony referred to in the Defendant's Motion in Limine to Allow Defendant's Use of Transcripts from Unavailable Witnesses (filing 87), along with any other evidence bearing on the admissibility of the proffered evidence.

Dated this 15th day of October, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge