IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>                    Defendant. | 4:14-CR-3136<br><br><br>ORDER |

      The defendant has proffered into evidence testimony taken by the SEC from Gale Furnas and Gene Witkowicz in 2010 and 2011, respectively. The evidence is definitionally hearsay. The Court was provided by the defendant with complete transcripts of both interviews pursuant to its Order of October 15, 2015 (filing 108) and the Court has reviewed those transcripts thoroughly. Both parties were also given an opportunity to provide any other evidence bearing on the admissibility of the testimony, and no other evidence has been provided.

      It is the defendant's burden, as the proponent of the evidence, to establish that an exception to the hearsay rule applies. *See United States v. Shields*, 497 F.3d 789, 793 (8th Cir. 2007).

RULE 804(B)(1) (FORMER TESTIMONY)

      The defendant primarily contends that the evidence is admissible pursuant to Fed. R. Evid. 804(b)(1), as the former testimony of an unavailable witness. There is no dispute that both witnesses are unavailable to testify, and the Court so finds: Furnas is deceased and Witkowicz is medically unable to travel or testify. There is also no dispute that the testimony was given at the SEC's equivalent of a "lawful deposition": each witness was placed under oath and examined by SEC counsel while represented by counsel of his own.

      But Rule 804(b)(1)(B) also requires that the evidence be offered "against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." In other words, admitting the testimony under Rule 804(b)(1)(B) would require the Court to find that the SEC and United States Department of Justice are the same party for these purposes, and that at the time the testimony was taken, the SEC had the same motive and opportunity to develop the testimony as the United States

Attorney has now. The Court finds, however, that the defendant has failed to carry his burden on both points.

## SAME PARTY

To begin with, the Court finds that the SEC and United States Attorney are not the "same party" for these purposes. The Court acknowledges the Seventh Circuit's decision in *United States v. Sklena*, cited by the defendant, in which the Court of Appeals found that the Commodity Futures Trading Commission and Justice Department were the same party for purposes of Rule 804(b)(1). 692 F.3d 725 (7th Cir. 2012). The Court finds that case to be distinguishable.

The SEC, unlike the CFTC, does not have the same coordinated relationship with the DOJ. The defendant has not directed the Court to any authority comparable to the statute relied upon in *Sklena* that directed the CFTC to report its litigation activities to the DOJ. In fact, Furnas' testimony contains a telling exchange in which Furnas refers to a subpoena he had received from the Department of Justice, and the SEC's counsel instructs Furnas *not* to tell him about the subpoena.

The rationale for the "same party" requirement is that "it is generally unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party." Fed. R. Evid. 804 advisory committee's note. That rationale implies that parties are not the same, for these purposes, if the party against whom the evidence is offered had no such responsibility. The Court finds that to be the case here.

## OPPORTUNITY AND SIMILAR MOTIVE

For related reasons, the Court finds that the DOJ does not have an opportunity and similar motive to develop the testimony as the SEC did. The Court has considered several cases presenting comparable issues arising under Rule 804(b)(1). *See*, *United States v. Whitman*, 555 F. App'x 98, 103 (2d Cir. 2014); *SEC v. Jasper*, 678 F.3d 1116, 1127-29 (9th Cir. 2012); *United States v. Sklena*, 692 F.3d 725, 731-33 (7th Cir. 2012); *United States v. Kennard*, 472 F.3d 851, 855-56 (11th Cir. 2006); *United States v. Martoma*, No. 12-cr-973, 2014 WL 5361977, at *4 (S.D.N.Y. Jan. 8, 2014). Those cases have generally distinguished between an examination that was undertaken for investigatory purpose—often in the early stages of an investigation—and an examination that was adversarial in nature.

The Court, having carefully examined the SEC transcripts, finds that the questioning was investigatory. While some of the questions were pointed at times, it is evident to the Court that the intent of the questioning was to

develop information, not challenge the witness—in other words, the SEC was finding out how the witnesses would answer the questions they were asked, but the SEC lawyers did very little to press the witnesses and challenge the answers that were given. Nothing in the SEC testimony resembles the sort of questioning that would be expected in an adversarial setting at trial.

And perhaps most importantly, even if the SEC was questioning the witnesses with an eye toward litigation, that litigation was materially different from the charges that the defendant now faces. The Court acknowledges that the SEC ultimately did pursue a civil enforcement action against the defendant based on violations of securities laws, case no. 8:12-CV-343; Judge Bataillon entered a consent judgment against the defendant and imposed a substantial civil penalty of just over half a million dollars. And those violations resemble the securities fraud charges that are brought in this case. But the defendant is not just charged with securities fraud. He is also charged with wire fraud affecting a financial institution, and making false entries in a bank's books, and conspiring to commit each of those offenses—none of which are crimes that the SEC is responsible for pursuing. The SEC did not have the same motive to develop the testimony as the Justice Department because of the Justice Department's broader mandate with respect to this case.

For those reasons, the Court finds that the SEC testimony is not admissible under Rule 804(b)(1).

## RULE 804(B)(6)

The defendant also argues that Witkowicz's testimony is admissible pursuant to Fed. R. Evid. 804(b)(6), which essentially codifies the doctrine of forfeiture by wrongdoing. *Giles v. California*, 554 U.S. 353, 367 (2008). But that exception to the hearsay rule only applies if the party against whom the evidence is offered committed a wrongful act for the particular purpose of making the witness unavailable. *See United States v. Scott*, 284 F.3d 758, 763 (7th Cir. 2002).

There is no evidence here that the government committed any wrongful act to procure Witkowicz's unavailability. The government did not cause his health issues, and there is no evidence that a threat of prosecution, if one was made, was made wrongfully. If Witkowicz broke the law—and there is evidence that he did—then it would not be wrongful to charge him with it.

Nor is there any reason to believe that anything the government may have done was undertaken for the purpose of preventing Witkowicz from testifying at trial.

RULE 807

The defendant also proffers the evidence under the residual exception to the hearsay rule. But that rule is to be used very rarely and only in exceptional circumstances. *United States v. Halk*, 634 F.3d 482, 489 (8th Cir. 2011). And it requires the evidence to be necessary, highly probative, and carry a guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions. *United States v. Thunder Horse*, 370 F.3d 745, 747 (8th Cir. 2004).

The Court finds that trustworthiness to be lacking here. The trustworthiness and reliability of an out-of-court statement must be assessed in light of the circumstances at the time of the declaration and the credibility of the declarant. *Id.* At the time that the witnesses' SEC testimony was taken, they were both facing potential civil and criminal liability for wrongdoing, and as the Court has already explained, the testimony was not meaningfully challenged by adversarial examination. This is not the rare, exceptional circumstance in which the residual hearsay exception is appropriate.

RULE 806

Finally, the defendant proffers the testimony pursuant to Fed. R. Evid. 806, which provides in relevant part that

> [w]hen a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E)—has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it.

It is important to note that unlike the defendant's other bases for admissibility, Rule 806 does not provide for the admissibility of hearsay as substantive evidence—that is, for the truth of the matter asserted. Instead, it permits the use of hearsay for impeachment purposes, the same as if the declarant had testified at trial. The reasoning of Rule 806 is that because "[t]he declarant of a hearsay statement which is admitted in evidence is in effect a witness . . . [h]is credibility should in fairness be subject to impeachment and support as though he had in fact testified." Fed. R. Evid. 806 advisory committee's note.

So, "[t]he test is whether the out-of-court statements would have been admissible for impeachment purposes had the co-conspirator statements been delivered from the witness stand by the co-conspirator himself, not as hearsay about what he said during the conspiracy but as contemporaneous in-court statements." *United States v. Grant,* 256 F.3d 1146, 1154 (11th Cir. 2001). The Court's difficulty is that, on the evidence as it has been proffered, the Court is unable to make that determination. The defendant has proffered several hundred pages out of over a thousand pages of SEC testimony. The Court's initial review of that proffer indicates that the defendant is offering a great deal of testimony—such as basic introductory and foundational testimony from each witness—that has no apparent impeachment value. And it is not the Court's responsibility to compare the SEC testimony to its own recollection of the admitted hearsay statements in order to seek out potential contradictions, any more than it would be the Court's responsibility to find impeachment evidence for the defendant had the declarants testified at trial.

Therefore, while the Court has found that the evidence is not admissible pursuant to an exception or definitional exclusion from the hearsay rule, the Court will for the moment reserve ruling on the defendant's Rule 806 argument, which would permit the evidence to be presented for its impeachment value (subject to an appropriate limiting instruction). The Court is not willing to permit the SEC testimony to be presented, *in toto*, based on speculative impeachment value. The defendant, as the proponent of the evidence, will be required to specifically identify (1) the declarant's statements, admitted at trial, that the defendant believes to be inconsistent with, or contradictory to, the declarants' SEC testimony, and (2) the portions of the SEC testimony that, as a result, have impeachment value. In other words, the Court is not going to go looking for potential inconsistency: the defendant must point it out.

IT IS SO ORDERED.

Dated this 2nd day of November, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge